And I see that Mr. Winchester is here for the appellate. Mr. Brockington for the appellee. And Mr. Winchester, are you ready to proceed? Yes, Your Honor. You ready? Okay. Okay. Thanks. All right. Mr. Winchester, you can proceed. May it please the Court, Your Honor. Thank you for having me here this morning. It is a great honor to be here. My name is Kyle Winchester, and I have the privilege of representing the appellant in this action, Mr. Randy Lee Wilcher. This case is about the proper liberal construction of a pro se motion pursuant to Federal Rule of Civil Procedure 60B, subsection 6, which seeks to reopen a 2255 habeas corpus litigation concerning primarily, but not exclusively, what is alleged to be an improper sentencing enhancement under the Armed Career Criminal Act. The function of Rule 60B, as the Supreme Court has explained it, is to reopen or serve to reopen a final judgment where there is a defect, a procedural defect in the integrity of the post-conviction proceedings. Can I ask you maybe just to get sort of to the nub of the issue, I think, because the government is going to give you the Johnson claim, right? Or they intend to give you the Johnson claim. Yes, Your Honor. What about the – I guess the dicier piece is the scope of what's open on remand, whether this modified categorical approach argument is open on remand. Can you kind of go straight to that? Yes, Your Honor. The issue – the district court abused its discretion when it failed to construe Mr. Wilcher's repeated pro se references to what we construe – what we talk about colloquially as shepherd documents in his 2255A pleadings as a position that the sentencing – that his sentence was unlawfully enhanced because the district court did not apply the modified categorical approach to a divisible statute. And when did that – when did the modified – what I'll call the modified categorical approach argument, references to the plea colloquy and shepherd documents, when did that first come up? I mean, as I look at the proposed amendment, I kind of think it's in there. I mean, there's a reference to the plea colloquy. Was that the first time it came up or had it been sort of embedded in the case even before that? Just for clarification, are you asking where in the 2255A pleadings that he filed it first comes up? Yes, so just curious as to sort of how it first arose in the action. Well, I can see that there is no express reference to the modified categorical approach in the pleadings. However, the enumerations of error that he raises in the pro se 2255 are ineffective assistance and procedural error. Within the pro se memorandum of law that he filed and incorporated by reference into that document, there are multiple references to the plea colloquy, the shepherd document, and I think the most express reference to it would be in the objections to the report and recommendation where he says, this is ECF 144 at page 2, he cites an error under Clisby v. Jones, which is the 11th Circuit precedent holding that there's no piecemeal litigation in habeas corpus. If a claim is raised, the dis- You're attacking the court's failure to apply the modified categorical approach. Is that a new claim that you're raising in your 60 v. 6 motion? Or are you raising that for the first time? Is that the first time? No, Your Honor. When was the first time that that was presented? The first time it was presented was in the- Court failed to apply the modified categorical approach. When was the first time that that claim was presented? ECF 136 at page 5, which is the 2255 pro se reply brief filed by Mr. Wiltshire. Didn't he raise it on direct appeal? Because he filed a transcript in his direct appeal, which was arguing modified categorical approach. And it seems that's where he raised it, and it was rejected. And that's decided at stare decisis. Your Honor, it is correct that on the direct- On direct appeal, Mr. Wiltshire challenged the improper enhancement. But the- It is a difficult issue because the argument is there. Division 4, the direct appeal opinion, concerns the improper enhancement. But that specific argument did not concern the procedural defect. But isn't it really moot anyway? Because clearly on direct appeal, they looked at the documents that were appropriate, even without looking at the transcript, which he had filed, and then they cited to it. So that's already resolved. I don't see how that can even be open issue. Respectfully, Your Honor, the problem was that the direct appeal, the opinion cited, dropped a footnote and referenced the plea colloquy which Mr. Wiltshire had referenced. But the importance in the analysis is the reference to the plea colloquy in conjunction with the former Georgia Code section for which he was convicted. In the district court, an important thing about the panel opinion is that the panel opinion held that there was nothing in the disposition that militated against the finding that this was for a possession with intent to distribute conviction. That is not correct because the object that does militate against that finding is the sentence that Mr. Wiltshire received. The original sentence in the original disposition from 1988 was a two-year first offender's sentence. The former Code section, OCGA 161330 sub c, punishes simple possession of cocaine, not possession with intent to distribute. And the sentencing range is two years to 15 years. So if he received a two-year sentence, it would have been a void sentence under Georgia law because the court could not impose a sentence under five years if it was for the indicted offense, if it was not reduced. Now, the government's position is, well, when he got revoked after he was arrested subsequently for the second time that he possessed cocaine, he was resentenced to five years. And that five years is consistent with the former OCGA 161330d for possession with intent to distribute. But the problem with that argument is that it's also consistent with a second-time conviction for simple possession of cocaine. And this is how the revocation happened. The court has to look at what caused the revocation of the 1988 case. The new possession of cocaine conviction caused the petition to revoke him on the 88 indictment that he got first offender treatment for. His first offender status was revoked after he pled guilty to the lesser included offense of simple possession. And when the Fulton County Superior Court resentenced him on the first indictment, his prior guilty plea had already created a conviction for simple possession. So this was, in effect, a second conviction for simple possession because the first offender status had suspended his adjudication. The key is that the first offender treatment that he received in 1988 is not a deferred sentence. It was a deferred adjudication. The government has construed this as that the sentence was always— Well, what was his conviction? That's the question. That is the question, Your Honor. And our position is that for multiple reasons, this could only have been a conviction for simple possession of cocaine and that there were several aspects of this that were not reviewed by the district court in its sentencing analysis. And so— Well, even the plea, I mean, he was asked, he was told it's a 30-year sentence. He was facing up to 30 years, right? As indicted. I think that's the— As indicted. And, of course, there's nothing to indicate that he wasn't sentenced for what he was indicted on. That's what the direct appeal determined. Respectfully, Your Honor, the modified categorical approach looks not to the facts of the state court conviction but to the elements. And I think one of the greatest circumstantial factors to show that the elements which he pled to was actually simple possession is the fact that under Georgia law, the factual basis for the plea is insufficient evidence to sustain the intent to distribute element. And when you combine that with a sentence that was clearly for simple possession and a sentence on the revocation that was clearly consistent with a second conviction for simple possession, what it really shows is that this was a negotiated plea to a lesser-included offense and the assistant district attorney failed to check the box on the disposition. And so this is—so Judge Newsom's question was, where was this claim first functionally raised? I think it's the reply brief in the 2255 because within his discussion of the ineffective assistance of counsel, he is— he found that his 1988 drug conviction qualified as a ACCA predicate serious drug offense. Am I wrong about that? No, Your Honor, you are correct. That is what the panel found. So I'm trying to figure out why a remand would be necessary then. Yeah. May I ask just—you're getting close to time and there's a little bit of confusion in the record. You raised a Johnson claim on your direct appeal in your initial brief, but you didn't address Johnson in your reply brief. So I don't know if you're still pursuing Johnson or not. But I want to make sure that there is no potential Johnson claim out there. On direct appeal, our circuit said that they were serious drug offenses. The other two offenses, not the one that is an issue, were serious drug offenses. But in looking back, I see that actually one of the qualifying offenses was the voluntary manslaughter aggravated assault. And looking at the sentencing transcript before Judge Goldberg, that's what he relied upon. That's not a residual clause offense. That's an elements offense, I think, pretty clearly. But you're not maintaining otherwise, are you? Your Honor, well, first, the Johnson claim was not raised in the direct appeal. It was first raised as a pro se amendment to the 2255. Mr. Wiltshire raised the Johnson claim as a pro se challenge to the enhancement that he got. Well, you had it in your initial brief. Well, yes, Your Honor, because under Clisby, that was a claim that was before the court when the district court construed the 2255 as a successive petition. So that was a viable claim that received no ruling. That was not successive because it was the first time it was raised. And liberally construed, the 60B motion, as the government concedes, could liberally be construed to challenge the failure of the district court to rule on the Johnson claim, which was still before the court. So I'm not sure. Are you saying, yes, your Johnson claim, you're still pursuing it or not? Yes, Your Honor. On what basis? May I answer your question, Your Honor? I have to concede I'm not aware of any precedent where Johnson has been applied to serious drug offenses. However, the case law has been that where there is a viable claim that hasn't been ruled on, the court doesn't reach the merits. It remains for the district court to consider that in the first instance, and that's what we're asking this court to do. Well, you raised it here. I mean, it's on appeal, right? Yes, Your Honor. The district court's failure to reach that, yes. Thank you. All right. Thank you. You've reserved some time for rebuttal. We'll hear from Mr. Brockington. May it please the court, opposing counsel, members of the panel, my name is Brock Brockington. I am here today on behalf of the appellee in this case, United States of America. This is one of the rare cases where the parties do actually agree, but only to an extent. As Judge Newsom highlighted before, the government does concede that the Rule 60B-6 should be remanded, and the limited aspect of going back to review the 2255 amendment that Mr. Wiltshire filed in this court, coincidentally on the same day that Judge Thrash adopted Judge Walker's R&R, and that R&R denied Mr. Wiltshire's 2255. Because that amendment was granted and never ruled on, then we do concede that there should be remand to determine whether or not, or to address the Johnson claim that was filed by Mr. 2255. Can I ask you this? This just sort of gets to the nub of the same question that I asked your adversary. So what's the difference between what I'll call the Johnson claim and what I'll call the modified categorical approach claim? Is it simply that the 2255 amendment actually cites or uses the word Johnson and modified categorical approach you say sort of isn't in there properly because it's just a reference to the plea colloquy and sort of not good enough, or is there something sort of deeper than that? Because it was raised on direct appeal, you think it's barred for some other reason. What's the difference between what you're willing to give and what you're not willing to give? Fundamentally, I believe that these are two separate—the relief sought may be the same, but the paths to get there are very different. The heart of Mr. Wilshire's argument has been that the district court failed to apply the modified categorical approach. Now this is in 2011, four years before Johnson has even came out. That particular argument, which is the crux of his argument, is fatally flawed for two reasons. The first reason is that the court did apply the modified categorical approach. Not necessarily by name. If you read the transcript, the words modified categorical approach don't come up. However, when determining whether or not the 1988 drug conviction was a serious drug offense, the court looked at the Shepard-approved documents, namely the indictment, the final disposition, and that plea colloquy. Judge Goldberg looked at that at sentencing in 2011 and determined that the 1988 conviction was an ACCA predicate. On direct appeal, that argument was made in the brief as well as an oral argument here in this room in 2013. We addressed the Shepard-approved documents and the plea colloquy, and this court determined that the 1988 conviction was a qualifying ACCA predicate that triggered the 15-year mandatory minimum. But why shouldn't we just send this back then? You concede that there's a defect in the proceedings, so it meets the 60B6 standards. Why shouldn't we just send this back and let the district court flush all that out first? And then if it needs to come back to the Court of Appeals, then we'll consider that. What we're asking for is to go back to the district court only to address Johnson, not the modified categorical approach. Let me ask you, Mr. Brock, actually the motion to amend was filed on the day that the order adopting the R&R was entered, July 6th, I think. July 6th, 2015. It was on the same day. It was. The motion was not referred to the judge until sometime in late August. August 11th. A month and a half, well, over a month later. But the motion to amend specifically says it's related back, and if the order was entered on the same day that it was filed, we get an awful lot of these on the district court, and I'm speaking from experience. You can simply assume that that motion was related back as it was asked for by Mr. Wiltshire, and anybody who understands the Johnson claim knows that it's not applicable. So the order that was entered effectively ruled on whatever was pending before the court, including the no pro tonk order allowing the motion to amend, which then incorporated into the original. So it's already resolved. Why can't you say it that way? Effectively, I believe that it's been resolved in terms of the fact that Johnson, I believe, is a nonstarter when it comes to its application to Sears Drug Offense. It's a frivolous motion because there's no application. We've already gotten that resolved. Okay. And it's not even necessary for most people to understand what Johnson's about to even mention it. I would agree 100% with the court. I don't believe that there is really any application for Johnson to apply to a Sears Drug Offense. However, that question of that is not properly before this court because there's been no final order for appellate review. But that's the only reason we're here, right? And if this court's desire to simply dispense with all of this litigation by determining that Johnson doesn't apply to Sears Drug Offense, which there's no indication that it does, that would effectively end Mr. Wilcher's collateral review of his sentence. Again, Your Honors, Mr. Wilcher has been burdened or wants to be unburdened by the 15-year mandatory minimum that was triggered by the 1988 conviction being determined to be an ACCA predicate. He has exhausted all of his efforts to try to unburden himself by looking at the – to 1988 conviction and have it be treated as a simple possession offense. We did that at sentencing. We did it on direct appeal. He made that argument in front of Judge Walker at the magistrate level on 2255. And Judge Thrash adopted that position later on. So in terms of the modified categorical approach, that particular issue has sailed. At this point now, any effort to challenge the predicate 1988 offense would have to come under Johnson. And as Judge Vinson has just mentioned, there really is no application of Johnson to a Sears Drug Offense. So let me just make sure I've got this all kind of squared away procedurally. When I asked earlier the difference between sort of the government's attitude toward the Johnson claim procedurally, where you say, fine with us if you send it back. There is a procedural defect, as Judge Wilson said, without respect to the underlying merits that Judge Vinson was exploring with you, right? But procedurally there's a defect, so the government says we'll send it back. As to modified categorical, and the reason you say is because, yeah, look, Fairley read this pro se 2255 amendment, cites Johnson. It was before the district court. We read the 60B motion. He's clearly trying to reopen it. District court didn't, never addressed it, ignored it in his terms. How is that different procedurally on the modified categorical approach claim, as I'll call it? I mean, as I read the sort of the poor pro se 2255 amendment, I feel like I can sort of tease out of that document a modified categorical approach argument. You read the 60B motion. He's clearly saying the district court ignored that one as well. So is the difference that it was raised on direct appeal and is thus barred, that it's sort of meritless on 2255 and so, like, don't worry about it? Yes, Judge Newsom, I would agree with that. In terms, if you look at the Gonzalez case, a 60B6 motion would be treated as a successive 2255 petition if it attacks a federal court's previous resolution of a claim on the merits. This particular 60B6 is Mr. Wiltshire's fifth bite at the modified categorical approach. For that reason, it is second and successive. With respect to Johnson, the Johnson amendment, that would, that would, that looks to sort of a defect in the integrity of the habeas proceedings, Judge Thrash. And at the government's urging, Judge Thrash treated the entire 60B6 as a second and successive 2255 motion. That was incorrect because of the grant of the amendment. It should go back, and while it may be a fait accompli, it should go back in order for the district court to rule on the Johnson amendment to the 2255. Got it. Okay. So the government is not, if I understand you correctly, you're not abandoning your position that it's got to go back because the district court failed to rule on his amended 2255 claim, right? Certainly not. This court ruled early, this court ruled in 2015 that it could not address the Johnson claim because there was no final order for appellate review. So, procedurally, it seems as though it must go back for the court to address whether or not Johnson applies to a serious drug offense. I think we all know the answer to that. What about, what about what we just, what I just mentioned with Mr. Winchester? In his opening brief, he argued Johnson in this appeal. Now, he didn't continue that in his reply, but Johnson has been opened as an issue in this court. Why can't we just put an end to all of this litigation? Because we know there's absolutely no merit for it. There's no reason to send it back to Judge Thresh. We've got it here. Why can't any reason supported by the record, we can make the decision and resolve it? Why do we have to send it back to Judge Thresh for what we all acknowledge is a frivolous claim? Your Honor, I don't believe that. And it's already been brought before us, right? It has. The only reason why I would say that it would have to go back to Judge Thresh is because in 2015, this court dismissed, for lack of jurisdiction, an appeal that raised the Johnson issue. It was essentially Mr. Winchester's attempt to file a notice of appeal. They deemed that as an appeal and dismissed it. Essentially, it says because this claim remains pending before the district court, there is not currently a final order for appellate review. I would be perfectly happy with dispensing with all of this right now at this level. But based on that language from this very court, perhaps we need to go back. And so as part of your response as well, and I may just be sort of catching up here, but in Clisby, procedural posture is roughly the same, right? And we basically said we have no other alternative but to send this. The district court never considered this. Sort of without respect to our own view of the merits, we really have no other alternative but just procedurally to send it back. Even if it is, as you say, sort of a fait accompli. I also don't see an obvious application of Johnson to the serious drug offense definition. But I guess who knows. Well, it's an off-sited principle that the court of appeals can affirm for any reason supported by the record, even if the district court didn't take it up. I would agree with that. And I would say that this court has the ability today to resolve all of these issues in its order. If there are no more questions from the panel, then we'll stand on our brief. All right. Thank you, Mr. Winchester and Mr. Brockington. Thank you, Judge. You've reserved some time. So how about that? The government no longer concedes that the case has to go back because the claim would be frivolous. The claim that the court would have to consider on remand is frivolous. What do you have to say about that? Your Honor, I think the government should be held to the position they took in the briefs with the specific comments about why the Johnson issue was not raised on the reply. The reason it wasn't raised on the reply was that it was conceded by the government's opening. So if there's no disputed issue, there's nothing for the defense to reply to. So I think under Calisby, the case should be remanded. There's precedent in Carver cited by the government's brief that the court does not look through the merits on a claim that was not ruled on in this posture. And so I think remand is the proper vehicle and that the government was initially correct in its concession. Have you been in the meantime brainstorming what you might say on remand about Johnson's application of the serious drug offense definition? Your Honor, I've certainly thought about it. I have to concede that I'm not aware of any cases that have applied that to the enhancement conviction that was objected to in the PSR. But at the same time, I am going to urge this court to apply Calisby and its progeny in this procedural posture. With respect to the modified categorical approach claim. Let me add, the government says the court did apply the Shepard documents and they did. I disagree, Your Honor, that's not correct. And the reason it's not correct is that the government at sentencing urged the district court not to look at the Shepard documents that were offered by the defense. That was their position is that there was no ambiguity. Then the 11th Circuit on direct appeal finds that the disposition is ambiguous, but defers to the documents that were relied upon by the district court. And our position is that this is where the extraordinary circumstances requirement discussed in Gonzalez v. Crosby comes in. In a case with a prior conviction like this, this enhancement was the difference in 11 and a half years in prison. Without the enhancement, he was facing four months approximately as opposed to 15 years. The prior conviction is that he was found with a bag of cocaine that contains less than a gram. There's no evidence of remuneration. There's no evidence of scales, bags. This is clearly in layman's terms a simple possession offense. The 60B motions didn't deal with that, neither one of them. That was resolved on the R&R and that's not even properly before us. Your Honor, I think the questions before the court is whether the modified categorical approach arguments that he raises in the pro se 60B could be fairly construed to have referenced something that he raised in the 2255 that was functionally raised because we're operating under Tannenbaum. And when this court construes these repeat references to documents that were consistently not looked at, that's what he's talking about. I'm asking this court to remand. Thank you. All right. Thank you, Mr. Winchester. And I see that you were appointed by the court to represent Mr. Wiltshire and the court thanks you for your service. Thank you. Thank you. In the next case.